IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 27 2003

JAMES W. McCORMACK, CLERK
By:_____
                          DEP CLERK

| | |
|---|---|
| SAFEBLOOD TECHNOLOGIES, INC., <br> JIM LIMBIRD, CHARLES WORDEN, JR., <br> CARL KELLER, DARLA BRADLEY, <br> and CAROL MELLINGER <br><br> Plaintiffs, <br><br> vs. <br><br> ST. PAUL FIRE & MARINE INSURANCE <br> COMPANY <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

4-03-CV-00499 GH

This case assigned to District Judge *Howard*
and to Magistrate Judge *Jones*

JURY TRIAL DEMANDED

## COMPLAINT

Come now Plaintiffs Safeblood Technologies, Inc., Jim Limbird, Charles Worden,

Jr., Carl Keller, Darla Bradley, and Carol Mellinger (collectively, the "Plaintiffs"), by and

through their undersigned counsel and for their Complaint against the Defendant St.

Paul Fire & Marine Insurance Company ("Defendant") do state:

### JURISDICTION AND VENUE

1.      This is an action for declaratory judgment and for claims of breach of

contract and bad faith against the Defendant.

2.      This Court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship,

inasmuch as the parties are citizens of different states and have principal places of

business in different states. There is in excess of $75,000 in controversy.

3.     Venue is proper in this Court by virtue of 28 U.S.C. § 1391 because the contract in question was entered into in Pulaski County.  Further, the Defendant is doing business in this district, may be found in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

4.     Plaintiff Safeblood Technologies, Inc. is an Arkansas corporation with its principal place of business located at 1100 North University, Suite 109, Little Rock, Pulaski County, Arkansas.

5.     Plaintiffs Jim Limbird, Charles Worden, Jr., Carl Keller, Darla Bradley, and Carol Mellinger are employees of Safeblood Technologies, Inc. and are "named insureds" under the insurance policy that is the subject of this litigation; each is a resident and domiciliary of Little Rock, Pulaski County, Arkansas.

6.     Defendant is an insurance corporation organized under the laws of the State of Minnesota with its principal place of business located at 385 Washington Street, Saint Paul, Ramsey County, Minnesota.  Defendant is also licensed and authorized to issue policies of insurance in the State of Arkansas through the Arkansas Insurance Department.

## FACTS

7.     This declaratory judgment action seeks declarations of coverage by this Court with respect to Defendant's obligations to provide a defense to its insured.

- 2 -

8.    Defendant is the insurer that had provided comprehensive general liability insurance to Plaintiff Safeblood Technologies, Inc. for various policy periods. The policy and policy period(s) that were provided by the Defendant are listed in Exhibit A, which is attached and incorporated by reference.

9.    Exhibit A is intended to protect Plaintiff Safeblood Technologies, Inc. and the individual Plaintiffs from claims that arise as a result of their actions in operating and promoting the services of Plaintiff Safeblood Technologies, Inc.

10.    The Plaintiffs bring this action as a result of third-party claims against all of the Plaintiffs in another matter entitled *Cytomedix, Inc. v. Safeblood Technologies, Inc., et al.*, U.S. Bankruptcy Court, N.D. Ill., Eastern Div., Case No. 02C4773. A copy of that Complaint (the "Illinois Litigation") is provided as Exhibit B and incorporated by reference.

11.    Upon receipt of the Illinois Litigation, Plaintiffs provided timely notice to Defendant. Plaintiffs demand an unqualified defense in the third-party lawsuit, and at a minimum, demand a defense.

12.    Plaintiffs have complied with all the conditions and obligations under the insurance policy.

13.    Defendant initially failed to respond; however, the Defendant finally concluded that it would not provide a defense to the insured, Safeblood Technologies, Inc., with respect to the claims presented in the Illinois Litigation.

14.    On or about February 20, 2003, the Illinois Litigation was dismissed for lack of personal jurisdiction yet such third-party lawsuit was re-filed in the Eastern District of Arkansas, Western Division (the proper jurisdiction) by Cytomedix against the insured on June 6, 2003, captioned *Cytomedix, Inc. v. Safeblood Technologies, Inc., et al.,* Civ. No. 4-03-CV-00422 JMM.  A copy of that Complaint (the "Arkansas Litigation") is provided as Exhibit C and is incorporated by reference.

15.    By   and   through   electronic   communication   with   authorized representatives of St. Paul, and by and through this lawsuit, the Plaintiffs provided timely notice to St. Paul of their duty to defend the allegations made by Cytomedix in the Arkansas Litigation.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

16.    The   allegations   contained   in   the   above-numbered   paragraphs   are realleged, reiterated, reaverred, and pled herein as if set forth in full.

17.    The St. Paul Fire & Marine policy at issue, Policy No. EMA66112296, provides that the Defendant has a duty to defend any protected person against a claim or suit for injury or damage covered by the policy.  The claim for advertising injury to the Plaintiffs arises out of one or both of the third-party lawsuits presented to the Defendant.

18.    A justiciable controversy exists by virtue of the Defendant's denial of coverage, and such controversy exceeds $75,000 minimum limits necessary to establish jurisdiction.

19.    Because the third-party claims alleging advertising injury is a covered claim that is defined in the insurance policy at issue, Defendant owes Plaintiffs at the very minimum a duty to defend.

## SECOND CAUSE OF ACTION

### Breach of Contract

20.    The allegations contained in the above-numbered paragraphs are realleged, reiterated, reaverred, and pled herein as if set forth in full.

21.    The policy issued by the Defendant covers advertising injury claims committed while the policy is in effect.

22.    Plaintiffs properly notified the Defendant of both the Illinois Litigation and the Arkansas Litigation.

23.    The duty to defend arises from an "advertising injury offense," as that term is defined in the insurance policy and existing law.

24.    The third-party lawsuits allege facts to establish likelihood that the advertising injury would come into effect at some point in the lawsuit.

25.    Plaintiffs have complied with all conditions and obligations under the insurance policy.

26.     Defendant has denied coverage for the Illinois Lawsuit and has refused to provide a defense.

27.     By failing to provide a defense under the terms and conditions of the insurance policy, the Defendant has breached its contract.

28.     Plaintiffs have been damaged through the costs of defending the third-party lawsuit.

### THIRD CAUSE OF ACTION

#### Bad Faith

29.     The allegations contained in the above-mentioned paragraphs are realleged, reiterated, reaverred, and pled herein as if set forth in full.

30.     The insurance policy and relevant law provide that the Defendant has a duty to defend the Plaintiffs.

31.     The Plaintiffs made repeated demands to the Defendant to assume the defense, but the demands have been declined.  Moreover, the delay associated with providing a proper response has been unreasonable and unacceptable.

32.     Such refusal and delay in responding to Plaintiffs' demands for defense constitutes breach of contract because the insurance policy obligates the Defendant to defend.

33.     The Defendant's failure and repeated refusal to defend Plaintiffs' claim of an alleged advertising injury without reasonable and timely justification for such denial amounts to statutory and common-law bad faith.

34.    Plaintiffs have been damaged through the costs of defending the third-party lawsuit. Plaintiffs are entitled to judgment for those costs, attorneys' fees, prejudgment entry, and a twelve percent (12%) penalty pursuant to Ark. Code Ann. § 23-79-208.

**WHEREFORE**, Plaintiffs Safeblood Technologies, Inc., Jim Limbird, Charles Worden, Jr., Carl Keller, Darla Bradley, and Carol Mellinger respectfully request this Court determine and adjudicate the rights and liabilities of the parties with respect to the insurance policy in this Complaint and set out in the attached exhibits and enter the judgment set forth below, declaring that:

A.    With respect to the insurance policy listed in Exhibit A, Defendant is liable to pay all sums for the defense of Plaintiffs with respect to the claims presented in the pending third-party lawsuit, *Cytomedix, Inc. v. Safeblood Technologies, Inc., et al.*, U.S. Bankruptcy Court, N.D. Ill., Eastern Div., Case No. 02C4773;

B.    With respect to the insurance policy listed in Exhibit A, Defendant will provide an immediate defense to its insured, Safeblood Technologies, Inc., in the second action, *Cytomedix, Inc. v. Safeblood Technologies, Inc., et al.*, Civ. No. 4-03-CV-00422 JMM, and Defendant will continue to provide the defense in the underlying lawsuit until final resolution of the claims has been made in the third-party lawsuit;

C.    Plaintiffs be awarded damages for breach of contract by the Defendant;

D.    Plaintiffs be awarded their attorneys' fees, pursuant to their right to pursue an action for money damages;

E.    Plaintiffs be awarded costs, attorneys' fees, prejudgment interest, and a twelve percent (12%) penalty pursuant to Ark. Code Ann. 23-79-208;

F.    Plaintiffs be awarded their legal costs; and

G.    Plaintiffs be granted such other and further relief as this Court deems just
and proper.

By: _____

Mark Murphey Henry
NOLAN HENRY, PLLC
204 South East Avenue
Fayetteville, AR 72701
(479) 695-1330
(479) 695-1332 facsimile

*and*

Albert J. Thomas III, PLLC
11601 Pleasant Ridge Road,
    Suite 204
Little Rock, AR 72212
(501) 975-0010
(501) 312-0018 facsimile

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Courts's Case File*